UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ARLENA MACK                                                                          PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 1:06CV559-RHW

WAFFLE HOUSE, INC.                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's [34] Motion for Summary Judgment. Also pending is Plaintiff's [31] Motion to Strike Defendant's Designation of Experts.

### Factual Background

Plaintiff Arlena Mack alleges that on April 19, 2003, at approximately 1 a.m., she tripped and fell on the sidewalk adjacent to the Defendant Waffle House injuring her knee and ankle. The crack that Plaintiff alleges caused her to fall was located at the end of the sidewalk where the handicap ramp meets the asphalt parking lot. The crack was approximately 2 inches wide, 4 3/4 inches long, and 3/4 inches deep. It is undisputed that at the time she fell, the sidewalk was not wet or slippery, and it was free of obstructions. It is further undisputed that prior to Plaintiff's accident, Defendant had not received any complaints about the subject crack. Plaintiff stated in her deposition that immediately after the incident, an unidentified Waffle House employee told her that the restaurant had just painted the parking lot and was supposed to have fixed the crack where Plaintiff fell.

### Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no

genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

Plaintiff in this case was a business invitee. *See Hudson v. Courtesy Motors, Inc.*, 794 So. 2d 999, 1003 (Miss. 2001). As such, Plaintiff must prove either that Defendant's negligence

injured her, or that Defendant had knowledge of a dangerous condition and failed to warn her, or that the condition existed a sufficient amount of time so that Defendant should have had knowledge or notice of the condition. *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000). There is no duty to warn of a defect or danger which is as well-known to the invitee as to the landowner, or of dangers that are known to the invitee, or of dangers that are obvious or should be obvious to the invitee in the exercise of ordinary care. *Thompson v. Chick-fil-a, Inc.*, 923 So. 2d 1049, 1052 (Miss. App. 2006). A business owner is not an insurer of the safety of its invitees. *See Kroger v. Ware*, 512 So.2d 1281, 1282 (Miss. 1987). However, Defendant has a duty to maintain its premises in a reasonably safe condition, including a duty to repair hazardous conditions. *See Mayfield v. Hairbender*, 903 So. 2d 733, 739 (Miss. 2005).

As a threshold matter, Plaintiff has the burden to present competent summary judgment evidence of a hazardous or dangerous condition that caused her injury. Normally encountered dangers, such as thresholds, curbs, and steps, will not be considered hazardous conditions under controlling Mississippi precedent. *See Tate v. Southern Jitney Jungle Co.*, 650 So.2d 1347, 1351 (Miss. 1995); *McGovern v. Scarborough*, 566 So.2d 1225, 1228 (Miss. 1990). Plaintiff claims that a crack in the sidewalk approximately 2 inches wide by 4 3/4 inches long and 3/4 inches deep caused her to fall. The question before the Court is whether this crack in the sidewalk was, as a matter of law, a physical defect which may be found to be unusual and unreasonably dangerous. *See Tate*, 650 So.2d at 1351. The Mississippi courts have held on numerous occasions that as a matter of law cracks or height differences in pavement or sidewalks do not constitute unreasonably dangerous conditions. *See First Nat'l Bank of Vicksburg v. Cutrer*, 214 So. 2d 465, 466 (Miss. 1968) (cracks on edge of a concrete riser not an unreasonably dangerous

condition); *City of Biloxi v. Schambach*, 157 So. 2d 386, 392 (1963) (three to four-inch difference in height between sidewalk blocks not sufficient to impose liability); *City of Greenville v. Laury*, 159 So. 121, 122 (1935) (crevice in street measuring half-inch to three inches in width and depth and 18 inches to two feet in length was not of such character to make the street unsafe); *Bond v. City of Long Beach*, 908 So. 2d 879 (Miss. Ct. App. 2005) (one-inch elevation of sidewalk did not create dangerous condition). As demonstrated by the preceding cases, Mississippi law does not require that sidewalks be completely level and free from cracks. *See Parker v. Wal-mart*, 2007 672263 (S.D. Miss. 2007) (holding that crack in expansion joint of curbing measuring approximately 3 inches by 3 inches and 2 5/8 inches deep was not a hazardous condition). Hence Plaintiff has failed to establish that as a matter of law the sidewalk crack in this case constituted an unreasonably dangerous or hazardous condition. Based on the foregoing, the Court finds that there is no genuine issue of material fact on the issue of whether the crack in the sidewalk constituted a dangerous condition.

IT IS THEREFORE ORDERED AND ADJUDGED that the [34] Motion for Summary Judgment is GRANTED and the lawsuit dismissed. All other pending motions are moot.

SO ORDERED, this the 18th day of April, 2007.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE